## ELIAS W. CHICHESTER

### *v.*

## JOHN WHITELEATHER.

QUESTION OF LAW OR FACT—*existence of a contract.* Whether a contract exists, is a question of fact for the jury, and should not be assumed in an instruction given by the court.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was an action of assumpsit, brought by Whiteleather against Chichester, in the Knox County Circuit Court, to recover damages for a failure to deliver ten bushels of osage orange seed. The trial resulted in a verdict and judgment for the plaintiff. Various errors were assigned upon the record, and among them, the giving of the following instruction by the court for the plaintiff:

2d. "If the jury believe from the evidence in this case, that the letter of the plaintiff, offered in evidence, was not designed by the plaintiff, or understood by the defendant, as varying or changing the terms of the original bargain, nor as giving the defendant license to decline its performance, it did not discharge the defendant from its fulfillment, and both are still bound by it, and such letter would in that case constitute no defense to this action; and if the jury believe on the evidence that the terms of the letter did indicate a proposed change in

the terms of the contract, but that the defendant made no reply to said letter, either verbally or by letter, such act and conduct on the part of defendant is proper evidence to be considered by the jury as tending to show that the proposition of the letter was not objected to by the defendant, and if it was acquiesced in by the defendant, whether the terms of payment mentioned in the letter were a part of the original bargain or not, the defendant was not thereby released from this contract, or from delivering the seed at Galesburg, according to the contract."

And for these errors this court is asked to reverse the judgment.

Messrs. WILLIAMS & CLARK, for the appellant.

Mr. A. C. MASON, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The second instruction given on behalf of the plaintiffs, and to which the defendant excepted, should not have been given.

The dispute between the parties was, as to the existence of any contract to deliver osage orange seed to the plaintiff. That was the important point in controversy, and the instruction throughout assumes that such a contract was made. It was strictly the province of the jury, unaided by any opinion from the court, to pronounce upon that fact.

For this reason, the judgment must be reversed and the cause remanded.

*Judgment reversed.*